UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GINA D.,

                              Plaintiff,

v.                                                                                          6:20-CV-6878
                                                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JERE FLETCHER<br>  Counsel for Plaintiff<br>P.O. Box 10632<br>Rochester, NY 14610 | JERE FLETCHER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANDREEA LECHLEITNER, ESQ.<br>KATHRYN SMITH, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 19.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A.     Factual Background

Plaintiff was born in 1984.  (T. 76.)  She received a GED.  (T. 37.)  Generally, Plaintiff's alleged disability consists of Chron's disease and post-traumatic stress disoder ("PTSD").  (T. 162.)  Her alleged disability onset date is August 1, 2017.  (T. 76.)  Her date last insured is June 30, 2020.  (*Id*.)  Her past relevant work consists of cosmetologist and composite job as bartender and bartender helper.  (T. 21.)

### B.     Procedural History

On October 19, 2018, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 76.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On November 18, 2019, Plaintiff appeared before the ALJ, Brian LeCours.  (T. 28-65.)  On November 27, 2019, ALJ LeCours issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 9-27.)  On August 25, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 14-22.)  First, the ALJ found Plaintiff met the insured status requirements through June 30, 2020 and Plaintiff had not engaged in substantial gainful activity since August 1, 2017.  (T. 14.)  Second, the ALJ found Plaintiff had the severe impairments of: Crohn's ileocolitis/irritable bowel syndrome ("IBS"); depressive disorder; and anxiety disorder.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment

that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 15.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b); except she requires ready access to a restroom; she can perform unskilled tasks, work requiring little or no judgment to do simple duties that can be learned on the job in a short period of time; and she can perform work involving simple work-related decisions with few workplace changes.  (T. 17.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 21-22.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff argues the ALJ failed "to apply the correct legal standards, by picking and choosing, and ignoring evidence; by misevaluating the treating medical source evidence and the overall consistency of the evidence, and thereby denying [Plaintiff] a fair assessment as required by law, which denial deprived her of a finding that she was disabled from full-time competitive work".  (Dkt. No. 14 at 2.)

Plaintiff essentially argues ALJ ignored evidence in the record in assessing the opinions of Plaintiff's treating sources and in assessing Plaintiff's subjective complaints.  (Dkt. No. 14 at 28-31.)  Plaintiff also filed a reply in which she reframed her arguments

---

[1]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

3

under the applicable regulations at the time she filed her application and expanded on her original arguments. (Dkt. No. 16.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ's physical RFC finding is supported by substantial evidence. (Dkt. No. 15 at 7-16.) Second and lastly, Defendant argues the ALJ's mental RFC finding is supported by substantial evidence. (*Id*. at 16-24.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  See 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  See *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

> functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

### A. Medical Opinion Evidence

As an initial matter, Plaintiff filed her application in October 2018 and therefore her claim is controlled by the revisions to the regulations regarding the evaluation of medical opinions under 20 C.F.R. § 404.1520c.  On January 18, 2017, the agency published revisions to its regulations regarding the evaluation of medical evidence. Revisions to Rule Regarding the Evaluation of Medical Evidence, 83 Fed. Reg. 5844 (Jan. 18, 2017).  Under the new regulations, the opinions of treating medical providers are no longer entitled to presumptively controlling weight.  *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").  Other relevant changes in the regulations are addressed herein.

Plaintiff argues the ALJ erred in assessing the opinions of her treating physician and psychotherapist because he ignored evidence in the record favorable to her.  (Dkt. No. 14 at 29.)  Plaintiff argues the ALJ erred in not affording the opinions "controlling weight" according to 20 C.F.R. § 404.1527(c) because the opinions were well supported by the evidence in the record.  (*Id.* at 30.)  In her reply, Plaintiff asserts the new

regulations "basically restate[] the same factors" as outlined in the previous regulations and the ALJ ignored evidence of consistency and supportability.  (Dkt. No. 16 at 1.)

Plaintiff argues under 20 C.F.R. § 404.1520c(b) the ALJ must articulate how he weighed medical evidence.  (Dkt. No. 16 at 1.)  However, 20 C.F.R. § 404.1520c(b) does not apply to statements on issues reserved to the Commissioner.  Statements on issues reserved to the Commissioner are considered evidence that is inherently neither valuable nor persuasive and the ALJ "will not provide any analysis about how [he or she] considered such evidence, even under 20 C.F.R. § 404.1520c."  20 C.F.R. § 404.1520b(c); *see id*. § 404.1520b(c)(3)(i) (the ultimate determination of disability is reserved to the Commissioner and statements about whether a plaintiff is disabled or unable to work is neither valuable nor persuasive).  For the reasons outlined below, the ALJ properly evaluated the statements of Plaintiff's treating primary care physician and mental health social worker.

Both treating sources provided statements concerning Plaintiff's ultimate disability status, which under 20 C.F.R. § 404.1520b the ALJ is not required to provide any analysis; therefore, the ALJ did not err in determining the sources' statements unpersuasive.  Indeed, the ALJ was not required to address either sources' statement at all.  On October 29, 2018, Karolina Lis-Hyjek, M.D. composed a letter.  (T. 354.)  Dr. Lis-Hyjek stated she treated Plaintiff for Chron's disease and "uncontrolled anxiety/PTSD" which caused "great difficulties in daily function."  (*Id*.)  She stated Plaintiff was "unable to work due to complications from her chronic conditions."  (*Id*.)  She indicated Plaintiff would require a minimum of twelve months out of work due to her impairments.  (*Id*.)

On October 30, 2018, Patricia Rizzo, LCSW-R composed a letter.  (T. 353.)  Ms. Rizzo stated she treated Plaintiff weekly for psychotherapeutic treatment.  (*Id*.)  She stated Plaintiff's impairments "rendered [Plaintiff] unable to work."  (*Id*.)  On October 12, 2019, Ms. Rizzo composed another letter.  (T. 517.)  Therein she stated Plaintiff's impairments "rendered [her] unable to work for at least the past 18 months."  (*Id*.)

The ALJ found Ms. Rizzo's statements "unpersuasive."  (T. 20.)  The ALJ also found Dr. Lis-Hyjeck's statement "unpersuasive."  (*Id*.)  Although the ALJ discussed the statements from the providers and found them unpersuasive, the ALJ was not obligated to assess their statements under 20 C.F.R. § 404.1520c because the providers opined to Plaintiff's ultimate disability status.  20 C.F.R. § 404.1520b(c)(3)(i) (statements that plaintiff is or is not disabled or able to perform regular or continuing work is inherently neither valuable nor persuasive).  In addition, Ms. Rizzo, a social worker, is a nonmedical source and the ALJ is "not required to articulate how [he] considered evidence form nonmedical sources" under 20 C.F.R. § 404.1520c(a)-(c).  20 C.F.R. § 404.1520c(d).  Therefore, Plaintiff's argument, that the ALJ committed legal error in failing to articulate how he weighed the opinions under 20 C.F.R. § 404.1520c is without merit.

### B. Subjective Complaints

Plaintiff argues the record supports the consistency of Plaintiff's "claims and testimony."  (Dkt. No. 14 at 29.)  Plaintiff proceeds to list twelve points of evidence in the record she argues the ALJ chose to ignore or misinterpreted as a lay person.  (*Id*. at 29-30.)  For the reasons outlined below, the ALJ properly assessed Plaintiff's subjective complaints and substantial evidence supported his determination.

The ALJ must employ a two-step analysis to evaluate a plaintiff's reported symptoms.  *See* 20 C.F.R. § 404.1529.  First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id*. § 404.1529(a).  Second, if the medical evidence establishes the existence of such impairments, the ALJ must then determine the extent to which plaintiff's alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how plaintiff's symptoms affect plaintiff's ability to work.  *See id.*

At this second step, the ALJ must consider objective medical evidence and other evidence.  20 C.F.R. § 404.1529(c)(2)-(3).  Other evidence includes: plaintiff's daily activities; the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to alleviate his pain or other symptoms; treatment, other than medication, plaintiff receives or has received for relief of pain or other symptoms; any measures plaintiff uses or has used to relieve pain or other symptoms; and other factors concerning plaintiff's functional limitations and restrictions due to pain or other symptoms.  *Id*. § 404.1529(c)(3)(i)-(vii).

Here, the ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of those symptoms was not entirely consistent with the medical evidence and other evidence in the record.  (T. 18.)  In making his determination, the ALJ outlined evidence in the record which he

9

determined provided some support of her allegations.  (T. 18-19.)  The ALJ noted treatment records containing statements concerning Plaintiff's compliance with prescribed medication and treatment.  (T. 19-20.)  The ALJ further considered Plaintiff's daily activities.  (T. 16.)

Although Plaintiff provides evidence in the record she argues supports greater limitations, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).  Here, Plaintiff fails to prove that no reasonable fact finder could have reached the ALJ's decision.

A review of the record and the ALJ's decision indicates the ALJ properly assessed Plaintiff's subjective complaints and substantial evidence supported the ALJ's

determination.  *See Yucekus v. Comm'r of Soc. Sec.*, 829 F. App'x 553, 556 (2d. Cir. 2020) (citing *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (ALJ "is not required to accept the claimant's subjective complaints without question" and reserves the discretion to weigh the credibility of a claimant's testimony against the other record evidence.)).

### C.  RFC Determination

Plaintiff states, in her reply, she "seeks the Court's intervention because of the ALJ's multiple legal errors in not being legally qualified, being not competent, to make the medical RFC assessment, by erroneously substituting his own lay judgment for that of a medical professional, in failing to evaluate the medical evidence and articulate it according [to] all of the Commissioner's own requirements [under 20 C.F.R. § 404.1527c] and by failing to incorporate it all into a hypothetical."  (Dkt. No. 16 at 8.)

Contrary to Plaintiff's assertion, an RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear.  20 C.F.R. § 404.1546(c) (the ALJ is responsible for assessing plaintiff's RFC).  The ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination.  *Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46 (2d Cir. 2021).

The ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  The ALJ did just that in this case.  After considering the record as a whole, the ALJ appropriately accounted for the limitations he found

supported by the overall record.  The ALJ relied on the medical opinion provided by consultative examiner Adam Brownfeld, Ph.D. and non-examining State agency medical examiners, E. Kamin, Ph.D. and S. Ahmed, M.D.  (T. 20-21.)  The RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision."  *Trepanier,* 752 F. App'x at 79; *see also Monroe v. Com'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (rejecting argument that remand was required because ALJ discounted the only medical opinion such that "there was no competent medical opinion that supported the ALJ's RFC determination.").  The ALJ also took into consideration Plaintiff's testimony and the objective medical evidence in the record.  (T. 18-21.)  For example, the ALJ considered objective diagnostic testing, treatment received for ongoing abdominal pain, and Plaintiff's activities.  (T. 18-19.)  Accordingly, the Court finds that the ALJ did not substitute his own lay judgment for a competent medical opinion and the RFC was supported by substantial evidence in the record.  *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018).  Therefore, the ALJ did not commit legal error in formulating Plaintiff's RFC and Plaintiff's argument fails.

### D.  Develop the Record

Plaintiff argues the ALJ committed legal error in dismissing the opinion of Ms. Rizzo based on lack of treatment records and failed to develop the record.  (Dkt. No. 14 at 30.)  Here, the ALJ properly assessed Ms. Rizzo's statements and did not err in failing to further develop the record.

First, as outlined above, the ALJ was not required to assess Ms. Rizzo's statement concerning Plaintiff's ultimate disability status.  Second, the Administration

requested records from Ms. Rizzo, Ms. Rizzo provided two statements, Plaintiff's counsel indicated the record was complete, Plaintiff did not request assistance from the ALJ in obtaining records, and no additional records were submitted to the AC or this Court; therefore, the record was complete.

As outlined by Defendant, treatment notations were requested from Ms. Rizzo. (Dkt. No. 15 at 20.)  First, the Administration made an initial request for her records in October 2018 and a follow-up request in November 2018, which complies with the Commissioner's regulations.  (T. 196); 20 C.F.R. § 404.1512(b)(1) (explaining that the agency complies with its obligations to develop the record when it makes an initial and follow up request).

At Plaintiff's hearing, the ALJ asked Plaintiff's counsel whether the record was complete, and counsel responded it was.  (T. 63); *see Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) (finding that the ALJ fulfilled his duty to develop the record where counsel represented that he had "nothing further to add," and he did not request the ALJ's help in obtaining the documents).  Lastly, "[t]he ALJ is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted).  Here, the record contained Plaintiff's testimony, examinations and opinions from consultative sources, treatment record from Plaintiff's primary care provider and treating gastroenterologist, and treatment records from emergency room visitations.  Therefore, the record was sufficient for the ALJ to make a determination.
**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     October 12, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge